# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## STATE OF TENNESSEE v. RAYMOND D. SIMPSON

**Circuit  Court for Dickson County**
**No. CR-6451A**

---

**No. M2003-02951-CCA-R3-CD - Filed March 28, 2005**

---

## ORDER

In an opinion filed on January 7, 2005, this court affirmed the trial court's denial of probation but modified the defendant's sentence to comply with the requirements of Blakely v. Washington, 542 U.S. ____, 124 S. Ct. 2531 (2004).  On January 18, 2005, the state filed a petition to rehear pursuant to Tennessee Rule of Appellate Procedure 39.  The state asserts that this court erred by modifying the sentence because the defendant waived any challenge under Blakely and because the record was incomplete.

Recently, in State v. Chester Wayne Walters, No. M2003-03019-CCA-R3-CD, slip op. at 21 (Tenn. Crim. App., at Nashville, Oct. 4, 2004, as corrected Dec. 10, 2004), this court rejected the state's position regarding waiver of Blakely claims:

> We acknowledge that Blakely extended Apprendi's holding that, under the Sixth Amendment, a jury must find all facts used to increase a defendant's sentence beyond the statutory maximum.  However, nothing in Apprendi suggested that the phrase "statutory maximum" equated to anything other than the maximum in the range.  To the contrary, the United States Supreme Court stated the issue in Apprendi as "whether the 12-year sentence imposed . . . was permissible, given that it was above the 10-year maximum for the offense charged in that count."  530 U.S. at 474, 120 S. Ct. at 2354.  We also note that the Supreme Court has considered the retroactive effect of the holding in Ring v. Arizona, 536 U.S. 584, 592-93, 122 S. Ct. 2428, 2435 n.1, 153 L. Ed. 2d 556 (2002), as a new rule for capital cases even though it was based on Apprendi.  See Schriro, ___ U.S. at ___, 124 S. Ct. at 2526-27.  Perhaps this resulted from the fact that Ring overruled a case that had held the opposite.  See Walton v. Arizona, 497 U.S. 639, 110 S. Ct. 3047, 111 L. Ed. 2d 511 (1990).  In this regard, with our own supreme court expressly approving our sentencing procedure under Apprendi, we have a difficult time faulting a defendant in Tennessee for not raising the issue before Blakely.  We conclude that Blakely alters Tennessee courts' interpretation of the phrase "statutory maximum" and

establishes a new rule in this state. The defendant's raising the issue while his direct appeal was still pending is proper.

In any event, even if <u>Blakely</u> did not establish a new rule, the United States Supreme Court in <u>Apprendi</u> stated that the defendant's right to have a jury find facts that increase his sentence above the prescribed statutory maximum is rooted in his Fourteenth Amendment right to due process and his Sixth Amendment right to a jury trial. 30 U.S. at 476, 120 S. Ct. at 2355. In <u>State v. Ellis</u>, 953 S.W.2d 216, 220 (Tenn. Crim. App. 1997), this court held that although there was no common law right to waive a jury trial, Rule 23, Tenn. R. Crim. P., allowed a defendant to "waive a jury trial if the waiver is in writing and is knowingly executed." Absent a written waiver, "it must appear from the record that the defendant personally gave express consent [to waive a jury trial] in open court." <u>Ellis</u>, 953 S.W.2d at 221. <u>Blakely</u>, as an extension of <u>Apprendi</u>, also requires proof in the record that the defendant personally waived that right.

This reasoning is persuasive. In our view, the defendant's <u>Blakely</u> claim in this case was not waived.

The state also asserts that because the transcript of the plea submission hearing was not in the record, this court should not have modified the sentence under plain error. Under <u>Blakely</u>, the defendant's sentence may only be enhanced by prior convictions, facts admitted by the defendant, or facts reflected in the jury verdict. <u>See</u> <u>Blakely</u>, 124 S. Ct. at 2537. In this case, the defendant had no prior convictions and, as indicated in this court's opinion, did not admit the factors utilized by the trial judge to enhance his sentence. Under these circumstances, modification was required to protect the defendant's constitutional right to trial by jury. <u>See</u> <u>id.</u> at 2543.

Accordingly, the petition to rehear is DENIED.

PER CURIAM